IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON KEITH WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ALTUS, individual and ) <br> official capacity; ABEL GONZALES, ) <br> Jail & Admin., individual and official ) <br> capacity; and ROGER LEVICK, ) <br> Sheriff, ) <br> ) <br> Defendants. ) | Case No. CIV-21-00909-JD |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Gary M. Purcell on November 16, 2021. Judge Purcell initially ordered Plaintiff to cure deficiencies in his application to proceed *in forma pauperis* [Doc. Nos. 2, 5]. Judge Purcell extended the deadline to respond to the order to cure deficiencies after receiving a letter from Plaintiff. [Doc. Nos. 6, 7]. When Plaintiff failed to timely respond within the extended deadline to cure deficiencies in his *in forma pauperis* application, failed to respond to the show cause order [Doc. No. 8], and failed to request any additional extension, Judge Purcell issued the Report and Recommendation recommending that this action be dismissed unless Plaintiff pays the full filing fee by December 6, 2021. [Doc. No. 9].

Judge Purcell warned Plaintiff that his failure to make a timely objection would waive the right to appellate review of the factual findings and legal issues in the Report

and Recommendation. *Id.* at 3. Plaintiff did not file an objection to the Report and Recommendation, and the record reflects that Plaintiff has still not cured the deficiencies in his application to proceed *in forma pauperis*. Plaintiff also failed to meet the deadline to pay the full filing fee, as set forth in the Report and Recommendation.

Although the Court is not required to conduct a de novo review of the Report and Recommendation unless a party timely objects, *see* 28 U.S.C. § 636(b)(1)(C), the Court has conducted such a review. The Court concludes that dismissal without prejudice to refiling is appropriate as discussed below, in addition to the reasons in Judge Purcell's Report and Recommendation and for Plaintiff's failure to comply with the deadline therein.

In light of Plaintiff's failure to comply with Judge Purcell's orders, the Court finds that dismissal is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. That Rule provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[This] Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Moreover, "[t]he 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court

orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

"A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

The Court finds that the above relevant criteria favor dismissal of this action. First, it appears that after filing his letter on October 4, 2021, [Doc. No. 6], Plaintiff has stopped prosecuting his lawsuit. Plaintiff's failure to cure the deficiencies identified in Judge Purcell's orders [Doc. Nos. 5, 7, 8], and Plaintiff's failure to adequately respond to the orders or seek an additional extension has significantly interfered with the judicial process, requiring Judge Purcell and this Court to expend resources and impairing the Court's management of its docket. As for culpability, Plaintiff has offered no justification or explanation for his failure to comply with Court orders or cure his deficiencies.[1] Plaintiff was advised that dismissal was a possible sanction if the deficiencies were not cured and if he failed to comply with orders. [Doc. No. 5 at 2 (if the deficiencies are not

---

[1] If the delay described in Plaintiff's letter [Doc. No. 6] persisted, Plaintiff should have sought an additional extension (as he did in his letter, [Doc. No. 6]) instead of apparently disregarding Court orders and his lawsuit.

cured, "the Court will recommend dismissal of this action without prejudice and without further notice.")]; [Doc. No. 8 at 2 ("Failure to fully comply with this Order may result in the dismissal of this action.")]; [Doc. No. 9 at 2–3 (recommending the action be dismissed without prejudice unless Plaintiff complied with the deadline set forth in the Report and Recommendation to pay the full filing fee)]. The Court's records reflect that the Court Clerk provided Plaintiff with the appropriate forms to cure deficiencies. Finally, given Plaintiff's inaction in this case, the Court finds that no lesser sanction would be effective.

The Court is aware that the Order to Show Cause [Doc. No. 8] was returned as undeliverable on November 22, 2021. [Doc. No. 10]. However, there is no indication that Plaintiff did not receive the order extending his time to respond to the order to cure deficiencies [Doc. Nos. 5, 7], and Plaintiff still has not adequately cured the deficiencies or sought an extension. Regardless, Plaintiff is responsible for timely notifying the Court of any change of his address and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a). *See also* Fed. R. Civ. P. 5(b)(2)(C) (a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing"); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) ("Any delay in receiving the magistrate's recommendation resulted from [pro se plaintiff's] failure to correct or change his address in a clear and concise way likely to bring it to the court's attention"). As stated by the Tenth Circuit in *Theede*:

> It would be unreasonable to require courts to wade through a party's file in order to determine the most recent or most likely address at which to contact the party. The parties are far better situated to know of any errors in

> their address information, thus, they bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change. . . . The fact that [plaintiff] is acting pro se does not eliminate this burden.

*Id.* at 1267.

While the Court is mindful that dismissal is an extreme sanction, the Court concludes that such action is warranted in this case. Consequently, the Court ACCEPTS and ADOPTS the Report and Recommendation, and DISMISSES this action WITHOUT PREJUDICE to refiling, pursuant to Plaintiff's failure to comply with the Report and Recommendation and Court orders and pursuant to Rule 41(b) and the Court's inherent power to manage its caseload so as to achieve the orderly and expeditious disposition of cases.

IT IS SO ORDERED this 14th day of December 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE